**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**OCT 14 1998**

**FOR THE TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

LINDA D. TOOMBS,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,    *

      Defendant-Appellee.

No. 98-7018
(D.C. No. CV-96-445-S)
(E.D. Okla.)

**ORDER AND JUDGMENT**   **

Before **BRORBY** , **McKAY** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

\*     Pursuant to Fed. R. App. P. 43(c), Kenneth S. Apfel is substituted for
John J. Callahan, former Acting Commissioner of Social Security, as the
defendant in this action.

\*\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument. <u>See</u> Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Linda D. Toombs filed a claim for supplemental security income benefits on July 8, 1986, alleging a disability since December 31, 1984, due to back problems. After a hearing, an administrative law judge (ALJ) ruled against plaintiff on December 23, 1987, but on review, the Appeals Council remanded her case for further consideration on July 20, 1989. After a second hearing, an ALJ denied plaintiff's claim at step five of the evaluation sequence on October 24, 1989. <u>See generally</u> <u>Williams v. Bowen</u>, 844 F.2d 748, 750-52 (10th Cir. 1988). The ALJ decided that plaintiff could not return to any of her past work, but nevertheless retained the residual functional capacity (RFC) to perform the full range of light work available in the national economy, and thus, was not disabled. The Appeals Council denied review on July 5, 1996, making the ALJ's decision the final agency decision.

Plaintiff then brought this suit. The district court adopted the magistrate judge's recommendation that the agency's decision be affirmed. Plaintiff appeals. We have jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291. On appeal, plaintiff asserts that the ALJ (1) failed to accord the proper weight to her treating physician's findings and opinion, (2) failed in his duty to develop the

record, and (3) failed to evaluate the evidence at step five under the correct legal standard.

Our job on appeal is to "closely examine the record as a whole to determine whether the [Commissioner's] decision is supported by substantial evidence and adheres to applicable legal standards." Evans v. Chater, 55 F.3d 530, 531 (10th Cir. 1995). We may not reweigh the evidence or substitute our judgment for that of the agency. See Kelley v. Chater, 62 F.3d 335, 337 (10th Cir. 1995).

Weight Given to Dr. Sureddi's Opinion.

One of plaintiff's treating physicians, Dr. Sureddi, reported in October 1987 that he had treated plaintiff "on and off" since June 1986 for low back pain, peptic ulcer disease with abdominal pain, pancreatitis with abdominal pain, neck pain, and anxiety and depression. He stated that x-rays of plaintiff's spine showed narrowing at L4-5 indicating some degenerative disc disease. He concluded that, as a result of these medical problems, it was his opinion that plaintiff was totally disabled for any gainful employment. In September 1989, Dr. Sureddi repeated his findings, stating that plaintiff's condition had not improved since 1987. Dr. Sureddi listed his areas of practice as general surgery and ear, nose and throat diseases.

Plaintiff saw another treating physician in 1986, Dr. Grillo, an orthopedic surgeon. Dr. Grillo reported that he considered plaintiff's spinal x-rays to be

normal, and that plaintiff's muscle tone and strength were intact and normal, as were her sensation and deep tendon reflexes. Dr. Grillo diagnosed plaintiff with low back pain without objective signs of disease. Dr. Grillo noted that he could not obtain a CT scan because plaintiff lacked the necessary funds. He returned plaintiff to work on November 7, 1986. Plaintiff was also seen by Dr. Knapp, a chiropractor, in September 1986, who found that plaintiff had a full range of motion in her lower back.

The ALJ found that Dr. Sureddi did not provide any explanation or clinical or diagnostic support for his opinion that plaintiff was totally disabled, nor did his examination notes reveal any significant clinical findings to support this conclusion. The ALJ considered the evidence from Dr. Sureddi and Dr. Grillo, and concluded that overall, the medical evidence suggested that plaintiff has little, if any, functional limitations as a result of her lower back complaints. The ALJ credited Dr. Grillo's opinion that plaintiff suffered from low back pain, but that her complaints are unsupported by significant clinical or diagnostic findings, explaining that, as an orthopedic specialist, Dr. Grillo was better qualified than Dr. Sureddi to assess the severity of plaintiff's back condition and ability to work. The ALJ noted that Dr. Grillo's negative examination findings were consistent with Dr. Knapp's evaluation that plaintiff had a full range of motion in her back.

-4-

Plaintiff argues that the ALJ failed to accord controlling weight to Dr. Sureddi's opinion that she was totally disabled. Dr. Sureddi's opinion was not dispositive. See Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1029 (10th Cir. 1994) (holding that a treating physician's opinion that claimant is disabled is not dispositive because final responsibility for determining disability is reserved to the Commissioner). The ALJ concluded, with record support, that Dr. Sureddi's opinion was unsupported and outweighed by the other medical evidence in the record. "It is error to give an opinion controlling weight simply because it is the opinion of a treating source if it is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or if it is inconsistent with the other substantial evidence in the case record." SSR-96-2p, 1996 WL 374188, at *2; see also 20 C.F.R. § 416.927(d)(2). The ALJ provided specific, legitimate reasons for the weight given to Dr. Sureddi's opinion. See 20 C.F.R. § 416.927(d)(2); Goatcher v. United States Dep't of Health & Human Servs., 52 F.3d 288, 290 (10th Cir. 1995) (ALJ must give specific, legitimate reasons for disregarding a treating physician's disability opinion). The ALJ correctly noted that because Dr. Grillo is an orthopedic specialist, his opinion regarding plaintiff's back complaints is entitled to more weight than that of a nonspecialist such as Dr. Sureddi. See 20 C.F.R. § 416.927(d)(5) (specialist's opinion entitled to more weight than nonspecialist's). Thus, the ALJ accorded the

appropriate weight to Dr. Sureddi's opinion.      Contrary to plaintiff's assertion, nothing indicates the ALJ rejected plaintiff's treating physician's opinion and substituted his own opinion for the medical evidence.

<u>Need for Consultative Examination</u>.

Plaintiff next argues that the ALJ should have ordered a consultative mental examination based on the evidence in the record that she suffered from depression.  The only evidence in the record concerning depression consists of Dr. Sureddi's statement in his medical report that he had treated plaintiff for chronic anxiety and depression.  Plaintiff did not list anxiety or depression as a basis for disability in her applications for benefits.  Moreover, plaintiff did not mention having anxiety or depression, nor did she claim that these symptoms contributed to her disability, during either of her hearings.

In order to raise an issue requiring further investigation, the claimant must first present some objective evidence suggesting the existence of a condition which could have a material impact on the disability decision requiring further investigation.  <u>See</u> <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1167 (10th Cir. 1997). Isolated and unsupported comments by plaintiff are insufficient to raise the suspicion of the existence of a nonexertional impairment.      <u>See</u> <u>id.</u>  Plaintiff did not present objective evidence supporting the claim that she suffers from depression, nor does the record suggest a reasonable possibility of severe

impairment. Because plaintiff was "represented by counsel at the administrative hearing, the ALJ [was] entitled to rely on [plaintiff's] counsel to structure and present [her] case in a way that [plaintiff's] claims [were] adequately explored." Id. Consequently, the ALJ was not required to obtain a consultative examination based upon the unsupported statement that Dr. Sureddi had treated plaintiff for depression, which was never asserted by plaintiff as a basis for her disability. See Diaz v. Secretary of Health & Human Servs., 898 F.2d 774, 778 (10th Cir. 1990) (refusing to remand for consultative examination where claimant had failed to present "objective evidence supporting the conclusion that he suffers from depression"). Contrary to plaintiff's assertion, the fact that this case was resolved at step five does not alter our analysis in this case with respect to the ALJ's duty to develop the record.

Step Five Burden of Proof.

Finally, plaintiff contends that, because the ALJ failed to give controlling weight to Dr. Sureddi's opinion or to obtain a consultative examination with respect to her alleged depression, the ALJ failed to shift the burden of proof to the Commissioner at step five of the five-step evaluation process. See Williams, 844 F.2d at 751 (holding that burden at step five is on Commissioner). As we explained above, the ALJ accorded Dr. Sureddi's opinion the proper weight and was not obligated to obtain a consultative examination; thus, this contention is

without merit. In finding that plaintiff retains the RFC to perform the full range of light work, the ALJ considered the findings and opinions of her treating physicians, according them appropriate weight. There is no objective evidence in the record to indicate functional limitations on plaintiff's ability to perform light work. The ALJ's finding that plaintiff retains the RFC to perform light work is supported by substantial evidence. Therefore, the Commissioner's decision must stand. See 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 390 (1971).

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

Entered for the Court

Wade Brorby
Circuit Judge